IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEWIS LUMBER & MILLING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEREEN-JOHNSON, LLC ) <br> ) <br> Defendant. ) <br> ──────────────────────── ) <br> ) <br> MEREEN-JOHNSON, LLC, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTIN SPROCKET & GEAR, INC. ) <br> and NAP TOOLS LLC a/k/a NAP ) <br> GLADU, ) <br> ) <br> Third-Party Defendants. ) | NO. 3:17-cv-00643 <br> JUDGE RICHARDSON |

## MEMORANDUM OPINION

Before the Court is Third-Party Defendant Martin Sprocket & Gear, Inc. ("Martin")'s Motion to Dismiss Third-Party Plaintiff Mereen-Johnson, LLC ("Mereen-Johnson")'s Third-Party Complaint (Doc. No. 66). Mereen-Johnson has responded in opposition (Doc. No. 78), and Martin has replied (Doc. No. 80). For the reasons set forth below, the motion will be denied.

### FACTUAL BACKGROUND

In March 2016, Plaintiff Lewis Lumber & Milling, Inc. ("Lewis Lumber") purchased a commercial rip saw and associated equipment from Mereen-Johnson. (Doc. No. 1-1 ¶ 3.) Mereen-Johnson delivered the rip saw system (the "System") to Lewis Lumber on January 20, 2017. (*Id.* ¶ 10.) Immediately after Lewis Lumber began using the System, Lewis Lumber experienced

1

significant problems, including system jamming and multiple roller breakage, which rendered it unable to use the System. (*Id.* ¶ 11.) Lewis Lumber communicated the deficiencies to Mereen-Johnson. (*Id.*) On February 10, 2017, Mereen-Johnson removed the System from Lewis Lumber's premises to assess the System's deficiencies. (*Id.* ¶ 12.) Based on these allegations, Lewis Lumber filed this lawsuit, seeking damages from Mereen-Johnson for breach of contract, breach of warranty, and violations of the Tennessee Consumer Protection Act. (*Id.* ¶¶ 15-23.)

Mereen-Johnson, in turn, brought a Third-Party Complaint against Martin and NAP Gladu, alleging that they caused the System's problems by providing certain incorrect components and/or calculations. (Doc. No. 45 at 17 ¶ 10.) Mereen-Johnson alleges that Martin agreed to provide certain rollers (the "Rollers") to be used in the System. (*Id.* at 17 ¶ 11.) However, during the manufacturing process, Martin left out a center donut steel round in the middle of each roller to support the welded shaft. (*Id.*) The absence of donut steel rounds caused the System to fail. (*Id.*) Based on these allegations, Mereen-Johnson brings the following claims against Martin: (1) indemnity; (2) contribution; (3) breach of express warranty; (4) breach of implied warranty of merchantability; and (5) breach of implied warranty of fitness. (*Id.* ¶¶ 13-39.) Martin has not answered the Third-Party Complaint, but instead has moved to dismiss it in full based largely on the Limited Warranty it attaches to its memorandum in support of its motion to dismiss. (Doc. No. 67-1.)

## LEGAL STANDARD

For purposes of a motion to dismiss, the Court must, as it has above, take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining factual allegations plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Rule 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

**DISCUSSION**

I.  **Whether the Court Can Consider the Limited Warranty**

Defendant argues that the Third-Party Complaint against it should be dismissed because the Limited Warranty's express terms bar Mereen-Johnson's claims. The threshold issue, therefore, is whether the Court can consider the Limited Warranty in deciding the instant motion to dismiss.

Generally, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Rule 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, courts may consider matters of judicial notice without converting the motion into one for summary judgment. *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). In addition, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). This also applies "when a document is referred to in the pleadings and is integral to the claims." *Id.* at 335-36. Furthermore, where the plaintiff does not refer directly to documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated without converting the motion to dismiss to one for summary judgment even though the complaint referred only to the "plan" and not the accompanying documents).

However, a court's ability to consider supplemental documents on a motion to dismiss is not without limitation. While "documents integral to the complaint may be relied upon, even if they are not attached or incorporated by reference, it must also be clear that there exist no material

4

disputed issues of fact regarding the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomm., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012) (internal citations, quotation marks, and alterations omitted). In other words, if the authenticity, validity, or enforceability of a document is not in dispute, the court may consider it on a motion to dismiss, but a genuine dispute as to the legal sufficiency of a document requires the court to consider the issue under a motion for summary judgment standard. *Composite Techs., L.L.C. v. Inoplast Composites SA DE CV*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013) (citing *Mediacom Se. LLC*, 672 F.3d at 873). Moreover, a court may not consider materials outside the pleading that "rebut, challenge, or contradict anything in the plaintiffs' complaint" without converting the motion to one for summary judgment. *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993); *see Mediacom Se. LLC*, 672 F.3d at 399 (reversing the district court's dismissal when it relied upon material that directly conflicted with facts set forth in the plaintiff's complaint).

The Court cannot consider the Limited Warranty on this Motion to Dismiss for several reasons. First, the Court cannot take judicial notice of the Limited Warranty because it does not fall within the scope of Federal Rule of Evidence 201(b). Second, the Limited Warranty is not attached or referred to in the Third-Party Complaint and is not necessarily incorporated by reference. Third, none of the allegations in the Third-Party Complaint rely on the Limited Warranty's terms. Fourth, the Limited Warranty was not attached to the Answer, because no answer has been filed. Fifth, Mereen-Johnson disputes the authenticity, validity, and enforceability of the Limited Warranty as applied to both itself and distributor General Engineering & Equipment Co. ("GEECO").[1] Mereen-Johnson argues that there is no evidence that it or GEECO received or

---

[1] According to the Limited Warranty, Martin sold the Rollers to GEECO, who then shipped them to Mereen-Johnson. (Doc. No. 67-1 at 1.)

accepted the Limited Warranty or that the Limited Warranty attached to the memorandum is a true and accurate copy. Mereen-Johnson's representations sufficiently raise issues that cannot be resolved at this stage of the case. *See Bailey v. Hartford Life & Accident Ins. Co.*, No. 5:15CV406, 2016 WL 760431, at *3 (N.D. Ohio Feb. 26, 2016) (declining to consider the unauthenticated copy supplied by defendant in support of its motion to dismiss). Sixth, Martin asserts that the Limited Warranty absolves it of liability to Mereen-Johnson, directly challenging Plaintiff's claims. Thus, if the Court were to consider the Limited Warranty in deciding the motion to dismiss, it would be raising the pleading standard beyond that set forth in *Twombly* and *Iqbal*—forcing the plaintiff's allegations to be plausible not only as stated in the complaint, but also after attacked by whatever interpretation a defendant wants to put on whatever documents it wishes to attach to a motion to dismiss. A complaint's allegations are subject to this kind of testing at the summary judgment stage, but not on a motion to dismiss. In light of the foregoing, the Court cannot consider the Limited Warranty without converting the instant motion to one for summary judgment. In the absence of full discovery on the issue, the Court declines to convert the motion.[2] Therefore, to the extent Martin's motion to dismiss is based on the Limited Warranty, it will be denied.[3]

---

[2] The Court has broad discretion to decide whether to consider matters outside the pleadings and convert the motion. *See Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (applying an abuse of discretion standard to district court's decision to convert a 12(b)(6) motion to dismiss into a motion for summary judgment); *Graham v. City of Hopkinsville, Ky.*, No. 5:12-CV-23, 2012 WL 4483866, at *2 (W.D. Ky. Sept. 28, 2012) ("A district court has broad discretion when deciding whether to convert a motion to one for summary judgment.").

[3] In its Reply, Martin attacks both Mereen-Johnson's failure to take a position on whether the agreement discussed in its Third-Party Complaint includes the Limited Warranty and Mereen-Johnson's equivocal language regarding the Limited Warranty's validity or enforceability. Martin states, "Mereen-Johnson's failure to admit or deny that its 'agreement with Martin' includes the Limited Warranty is insufficient as a matter of law to raise any genuine dispute. Thus, the Limited Warranty is part of the Third-Party Complaint, and Mereen-Johnson has failed to state a claim upon which relief can be granted." (Doc. No. 80 at 2.) This argument is not persuasive. Martin's argument proceeds as if the term "genuine dispute" as used in the above-discussed case law

## II. Whether Mereen-Johnson's Indemnity Claim is Plausible

Martin makes only one argument independent of the Limited Warranty. Specifically, Martin asserts that the indemnity claim against it should be dismissed based on Texas common law. Mereen-Johnson, however, argues that Tennessee law applies instead.[4] To consider Martin's argument, the Court must first conclude that Texas law applies.

In determining choice of law on a motion to dismiss, courts generally examine the face of the complaint and additional documents in the categories discussed above. *See In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, No. 2:11-MD-2226-DCR, 2013 WL 663575, at *2 (E.D. Ky. Feb. 22, 2013) ("Because the Court was ruling on a motion to dismiss, it based its choice of law analysis on the allegations in the plaintiffs' Amended Complaint."); *Froom-Lipman Grp., L.L.C. v. Forest City Enterprises, Inc.*, Case No. 1:06 CV 185, 2008 WL 11379985, at *4 (N.D. Ohio Jan. 23, 2008) (ruling on a motion to dismiss and examining the face of the

---

regarding attachments to motions to dismiss has the same meaning it has when used in the articulation of summary judgment standard. Given the vital distinctions between a motion to dismiss under Rule 12(b)(6) and a motion for summary judgment, this cannot be the correct interpretation of the case law, and Martin has cited to no authority indicating that it is. In fact, the one case Martin cites to support its argument indicates just the opposite. The Sixth Circuit in *Ouwinga v. Benistar 419 Plan Servs.*, 694 F.3d 783 (6th Cir. 2012) does not indicate that a party in Mereen Johnson's shoes would have to produce evidence contradicting the asserted validity and relevance of the disclaimer relied on by the movant. Rather, the Sixth Circuit reversed the District Court's decision to consider the disclaimer attached to the motion to dismiss, stating that the "district court erred in considering the disclaimers at the 12(b)(6) stage when their validity was directly in question based on the full context of their presentation to the [plaintiffs]" as discussed in the plaintiffs' brief and complaint. *Id.* at 696-97. Likewise, in the present case, the enforceability and relevance of the Limited Warranty is directly in question based on the context of their presentation to Mereen-Johnson—a context that must await development through discovery.

     In addition, as previously discussed, the Limited Warranty is not part of the Third-Party Complaint and therefore could be considered only if the Court converted the instant motion to one for summary judgment. The Court will not convert the motion into one for summary judgment, and Defendant is not required at this stage to produce an argument—let alone evidence—to refute Martin's assertions based on the Limited Warranty.

[4] The Court notes that neither party fully analyzes the choice-of-law issue.

complaint to determine the choice of law issue). Martin's assertion that Texas law applies solely rests on the Limited Warranty, which the Court declines to consider in deciding the motion to dismiss for the previously stated reasons. *See* Doc. No. 67-1 ("Sale of Martin products and tools shall be governed by the laws of the State of Texas . . ."). The Third-Party Complaint only provides one nexus to Texas: Martin's principal place of business. (Doc. No. 45 at 15 ¶ 2.) This allegation on its own is insufficient for the Court to conclude that Texas law applies to the indemnity claim, especially because the Third-Party Complaint also alleges ties to Minnesota, Indiana, and Tennessee. (*See id.* at 15 ¶ 1, 16 ¶¶ 3, 8.) Accordingly, because Martin has failed to establish at this stage of the litigation that Texas law applies to the indemnity claim, and its argument to dismiss that claim is solely premised on Texas law, Martin's motion to dismiss the indemnity claim will be denied.

## CONCLUSION

For the foregoing reasons, the Court will **DENY** Martin's Motion to Dismiss Mereen-Johnson's Third-Party Complaint (Doc. No. 66). An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE